IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KRYSTLE XYLINA MILLER-ALBAREZ,

    Plaintiff,

v.                                                                            No. 1:25-cv-00223-KRS

CHAVES COUNTY DETENTION CENTER,
ROSWELL MAGISTRATE COURT CLERKS AND JUDGES and
K.C. RODGERS,

    Defendant.

## ORDER TO CURE DEFICIENCY AND ORDER TO SHOW CAUSE

*Pro se* Plaintiff alleges:

I . . . have been prevented from filing.

Violation of Constitutional Rights.

Wrongful malicious prosecution victim of famed Identity, stolen Identity and added by the courts a combined 3 Social Security numbers and name's [sic] that courts in Roswell Magistrate Court say's [sic] I used, I never did use. I only used mine. The court of Roswell Magistrate court did not send to the first and second court date allow me any paperwork nor see it.

Judge K.C. Rodgers has stolen my identity.

The Roswell Magistrate court has a women [sic] stalking me and trying to kill me . . . For due to the justice system's ongoing criminal activity to wit discrimination on everyone and in any way the Roswell Magistrate clerks and Judge's [sic] of the magistrate court are doing me, criminals watch my eye sight and broke in my home to hack my thoughts and human body and are threatening to kill me for the crimes committed that cause lawsuit's [sic] they want to file.
. . . .
Identity theft of Plaintiff by the CCDC.
. . . .
Forced Religion

Complaint at 3-7, Doc. 3, filed March 3, 2025.

**Order to Cure Deficiency**

Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court ... to pay a filing fee of $350 ... [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1]  The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).

Plaintiff has not paid the $405.00 fee or filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).  Plaintiff must either pay the fee or file an Application.

**Order to Show Cause**

The Complaint fails to state claims against Defendants because it does not explain what each Defendant did to Plaintiff, when each Defendant did it, and what legal right Plaintiff believes each Defendant violated.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis added).

The Complaint fails to state a claim against the Chaves County Detention Center because there are no allegations showing that the Chaves County Detention Center is a suable entity.

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

2

"Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

The Complaint fails to state a claim against the Roswell Magistrate Court clerks and judges. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)). "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008). "Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.'" *Catanach v. Thomson*, 718 Fed.Appx. 595, 599 (10th Cir. 2017) (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)).

Plaintiff did not sign the Complaint as required by Rule 11 of the Federal Rules of Civil Procedure. The Court must strike the Application if Plaintiff does not promptly sign the Application.

> Every pleading, written motion, and other paper must be signed by at least one attorney of record ... or by a party personally if the party is unrepresented ... The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

3

Fed. R. Civ. P. 11(a).  The Court will not order Plaintiff to sign the Complaint because the Court is ordering Plaintiff to file an amended complaint.  Plaintiff must sign the amended complaint.

The Complaint does not set forth the relief Plaintiff seeks.  *See* Fed. R. Civ. P. 8(a)(3) (a complaint must contain "a demand for the relief sought").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim as discussed above.  If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint.  The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, either pay the $405.00 fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely pay the fee or file the Long Form Application may result in dismissal of this case.

(ii) The Clerk shall mail a copy of the form "Application to Proceed in District Court Without Prepaying Fees or Costs, (Long Form)" to Plaintiff.

(iii) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

IT IS SO ORDERED this 10th day of March, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE