IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KRYSTLE XYLINA MILLER-ALBAREZ,

      Plaintiff,

v.                                                                           No. 1:25-cv-00223-KRS

CHAVES COUNTY DETENTION CENTER,
ROSWELL MAGISTRATE COURT CLERKS AND JUDGES and
K.C. RODGERS,

      Defendant.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND ORDER GRANTING MOTION TO AMEND**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 6, filed March 17, 2025, and Plaintiff's Motion to Amend, Doc. 8, filed March 17, 2025.

    **2.**     **Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff did not file a complete Application; she filed only pages 1, 4 and 5 of the Application. Plaintiff signed an affidavit on page 1 of the Application stating she is unable to pay the costs. In her Motion to Amend, which she filed on the same day as her Application, Plaintiff states she is homeless and that she recently became employed at $16.00/hour. *See* Motion to Amend at 1. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and because of Plaintiff's low income.

2. **Motion to Amend**

Plaintiff filed a Complaint alleging civil rights violations by "Roswell Magistrate Court Clerks and Judges" and the Chaves County Detention Center. *See* Complaint, Doc. 3, filed March 3, 2025.

The Court notified Plaintiff the Complaint fails to state claims because: (i) it does not explain what each Defendant did to Plaintiff, when each Defendant did it, and what legal right Plaintiff believes each Defendant violated; (ii) there are no allegations showing that the Chaves County Detention Center is a suable entity; and (iii) the Roswell Magistrate Court clerks and judges are immune from monetary damages claims for actions taken in their judicial capacity. *See* Order to Show Cause, Doc. 5, filed March 10, 2025. The Court ordered Plaintiff to show cause

why the Court should not dismiss this case for failure to state a claim and to file an amended complaint by March 31, 2025.

Plaintiff's Motion to Amend, now before the Court, states: "Plaintiff is homeless and request you give plaintiff time for plaintiff just got a job and is working." Motion to Amend at 1. The Court construes Plaintiff's Motion to Amend as a motion for an extension of time to file an amended complaint. The Court grants Plaintiff a 21-day extension of time to file her amended complaint.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 6, filed March 17, 2025, is **GRANTED.**

(ii) Plaintiff's Motion to Amend, Doc. 8, filed March 17, 2025, is **GRANTED.** Plaintiff must file an amended complaint by April 21, 2025. Failure to file an amended complaint by April 21, 2025, may result in dismissal of this case.

IT IS SO ORDERED this 28th day of March, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE